[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON LEVY DRONEY AND VITALE'S MOTION FOR SUMMARY JUDGMENT #4
In Motion for Summary Judgment #4, defendants Levy Droney, P.C. and Joseph Vitale seek summary judgment on statute of CT Page 12912 limitation grounds with regard to the claims of the seven vanguard plaintiffs in Counts 87 through 93 (Aiding and Abetting Intentional Misrepresentation by East Hill Woods) and in Counts 104 through 110 (Aiding and Abetting Negligent Misrepresentation by East Hill Woods.)
The movants acknowledge in their brief in support of this motion that the claims in the counts listed above relate to two time periods: the time up to and including the execution by each plaintiff of a residence agreement, and occasions after the execution. The court will refer to these separate time periods, as the parties have, as "execution claims" and "post-execution claims."
Execution claims
This court adopts its description of the history of the motions and statement of the standard of review set forth in the ruling on these movants' Motion for Summary Judgment #2. In the counts challenged in the instant motion, the seven vanguard plaintiffs allege tortious conduct by the movants with regard to disclosures relating to the execution by the plaintiffs of residence agreements. The dates of execution are set forth in the ruling on Motion for Summary Judgment #2. The court finds that the same analysis applies to the issues raised in the instant motion and adopts the analysis set forth in the ruling on Motion for Summary Judgment #2.
Post-execution claims
The movants have not established, according to the standard for summary judgment, that each of the events on which these claims is based occurred more than three years before the plaintiffs commenced their action, and the motion is therefore denied as to these claims. The movants have not challenged the substance of these claims, but only their timeliness.
Conclusion
This motion for summary judgment is denied as to the claims of all seven vanguard plaintiffs in Counts 87-93 and Counts 104-110 against Joseph Vitale in his capacity as an officer and trustee.
The execution claims against Levy Droney, P.C. and against CT Page 12913 Vitale as legal counsel are not tolled by any of the tolling doctrines invoked by the plaintiffs, and summary judgment is granted as to those claims.
The motion for summary judgment on the basis of the expiration of the statute of limitations is denied as to the post-execution claims, which have not been shown to have arisen more than three years before the commencement of suit.
Beverly J. Hodgson Judge of the Superior Court